To THE PETITION OP E. I. BüLLOOK IN BEIIALF OP APPELLANTS POR A REHEARING, delivered the following response OF THE COURT AND MODIFICATION OP THE FOREGOING OPINION:
JUDGE WILLIAMS
There were many equitable considerations in the case of Parker’s heirs vs. Anderson’s heirs (5 Mon., 445) to uphold the purchase of Anderson, who had become invested with the legal title by virtue of a decretal sale and conveyance, especially as Bodley, who claimed to be a joint purchaser with Parker of Samuel Bijur’s interest under his brother Joseph’s will, and to have advanced half the purchase price, though Parker took Samuel Bijur’s bopA to himself alone, and it was because this was within the statute of frauds and perjuries that Bodley’s decree of sale, &c., was erroneous; but, as he still insisted on a claim on Parker’s estate for his advances, he protested against Anderson’s purchase being. disturbed, as that would, of course, withdraw from his hands that portion of its proceeds which he had obtained.
*237 The court, however, states the rule much stronger and more universal on this branch of the case than is now, after more ^han thirty years of progress and the development of judicial sciénce, generally recognized; and perhaps an incident to be found in the petition for a rehearing may somewhat elucidate that the decision was then made on the strong impressions and recollection of the court, without reference to authorities.
Mr. Wickliffe therein says “ he is taken by surprise by this remark of the court, and is here without books; ” and it is somewhat remarkable, that in all this lengthy decision and petition and response, not a book or case is referred to ; perhaps the court may have also been without these. Nor is it contended that the taking an appeal suspends the judgment; but that it may attach equitable rights which would not be available without it.
It is said an appeal is neither notice to the court nor purchasers; if this is intended to mean actual notice, this may be true; for very generally the recording of a mortgage or deed does not bring home actual notice to parties affected thereby; nor does the filing of a suit in the clerk’s office frequently actually notify persons, whilst it may be. good against the world as a Us pendens.
The same policy that regards suits filed and deeds lodged for record as notice to the world would regard an appeal taken as a constructive notification of the intent to reverse the judgment, and a party injured by it might well be regarded in a more favorable light in equity after than before this notice, and the other parties in a less favorable one.
But we fully concur in the equitable claim announced by this court in Clark’s heirs vs. Farrow (10 B. M., 450), that the purchaser at judicial sale gets-a prior lien, because the bidding is itself a meritorious act and creates an *238 equity, and it is the policy of the law to give the greatest ■ security to bidders at judicial sales compatible with the equities of the parties; and where a party shall^fail to supersede the judgment or even take an appeal, until the purchaser at such sale shall have parted with his money, the purchaser should always be secured the return of his money by a lien on the property purchased; and we now so far modify the opinion as to allow a prior lien on the ■ lots respectively purchased by Brummal and Miller for all they had respectively paid before Hall and wife prosecuted their appeal; and if not paid, so much thereof as may be necessary should be sold to pay the same; but this sale should not be adjudged until the whole matter of rents, improvements, &c., are adjusted upon equitable principles, and the balance struck. In the meantime, the creditors should, by proper orders and rules, be compelled to refund the amounts respectively received by them as proceeds of the sale of these lots.